IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**IN RE: KHM, by and through**             **PLAINTIFF**
**his mother, Myrtle Hicks-Mix**

**V.**             **NO. 4:24-CV-29-DMB-JMV**

**CLARKSDALE MUNICIPAL**
**SCHOOL DISTRICT**             **DEFENDANT**

**OPINION AND ORDER**

KHM sued Clarksdale Municipal School District alleging claims based on the Americans with Disabilities Act, negligence, and gross negligence. The School District moves to dismiss all KHM's claims for failure to state a claim. Because the Court concludes that KHM fails to state viable claims, dismissal will be granted.

**I**
**Procedural History**

On March 18, 2024, KHM, by and through his mother Myrtle Hicks-Mix, filed a complaint against Clarksdale Municipal School District in the United States District Court for the Northern District of Mississippi, alleging the School District's "failures in providing reasonable accommodations … so that [he] could have equal access to his public education, and programs and services offered by the [School] District]" gives rise to claims based on the Americans with Disabilities Act ("ADA"), negligence, and gross negligence. Doc. #1 at 1, 9–12. As relief, KHM seeks "compensatory damages of $6,000,000.000;" "$1,000,000.00 in punitive damages;" and "reasonable attorney's fees and costs." *Id.* at 13.

On July 30, 2024, the School District filed "Defendant Clarksdale Municipal School District's Motion to Dismiss," "request[ing] dismissal of Plaintiff's 'IDEA,' 'ADA,' negligence,

gross negligence, punitive damage, and 42 U.S.C. § 1983 claims under Rule 8(c) and 12(b)(6) of the Federal Rules of Civil Procedure."[1] Doc. #13 at PageID 58. KHM filed an untimely response on August 20, 2024, Doc. #15;[2] and the School District replied on August 27, 2024, Doc. #18. On January 27, 2025, the School District filed a motion to exclude the testimony and opinions of Dr. Joseph Sabatella. Doc #30. KHM did not respond to the motion to exclude.

## II
## Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the pleading, on its face, must demonstrate that there exists a plausibility for entitlement to relief." *Young-Trezvant v. Lone Star Coll. Sys.*, No. 23-20551, 2024 WL 2794483, at *1 (5th Cir. May 31, 2024). Though the allegations in the complaint "must be accepted as true and viewed in the light most favorable to the plaintiffs," *Terwilliger v. Reyna*, 4 F.4th 270, 279 (5th Cir. 2021), the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions," *Aris-Benn v. State Farm Fire & Cas. Ins. Co.*, 495 F.3d 228, 230 (5th Cir. 2007). In ruling on a motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Serrano v. Customs and Border Patrol, U.S. Customs and Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020).

---

[1] While not expressly explained in its motion or memorandum brief, the School District's reference to Rule 8(c) presumably is due to its inclusion of res judicata as a basis for dismissal, which it also asserts in its answer. *See* Doc. #4 at PageID 36; Fed. R. Civ. Pro. 8(c) (including res judicata as affirmative defense).

[2] *See* L.U. Civ. R. 7(b)(4) ("Counsel for respondent must, within 14 days after service of movant's motion and memorandum brief, file a response and memorandum brief in support of the response."). Because KHM did not request or receive an extension to file the untimely response, the Court will not consider the response and, consequently, need not consider the School District's reply.

### III
### Factual Allegations

KHM was diagnosed prior to entering kindergarten with Autism, ADHD, and a brain disorder that affected his vision and equilibrium. Doc. #1 at 7. Yet, with the School District being made aware of KHM's disabilities and requests from his parent, Myrtle Hicks-Mix, the School District failed to provide to KHM any programs or accommodations which resulted in him not being promoted, and having to repeat kindergarten. *Id.* This caused KHM to experience anxiety, depression, and loss of self-esteem. *Id.*

The School District failed to provide any services to KHM to improve or help him educationally even though he had demonstrated to the School District that indeed he was disabled, and in need of assistance educationally. *Id.* at 8. However, the School District failed to provide KHM the necessary tools for success, and to succeed and be promoted. And again, the School District ordered KHM to repeat the First Grade. *Id.*

After being promoted to the Second Grade from the First Grade, the School District yet again failed KHM in not providing him with the tools of success, which tools were provided to disabled children other than him. *Id.* at 9. The School District knew or should have known KHM was having difficulty learning and grasping information for he had failed kindergarten and the First Grade, but the School District failed to provide any help or programs for him so to allow the learning process to begin. *Id.* The School District failed to provide those programs to KHM despite providing them to other disabled students within the School District. *Id.*

### IV
### Analysis

The School District seeks to dismiss all KHM's claims against it. Each claim is addressed below.

3

### A. ADA Claim

The complaint alleges that the School District violated the ADA[3] by "denying [KHM] equal access to an education opportunities [sic];" "depriving [KHM] of equal access to, or an individualized assessment on, all of the essential functions of the education process even though [the School District] knew and were told that [KHM] was indeed disable[d];" "denying [KHM] other terms, conditions, privileges of an education afforded to non-disabled students and/or disabled students;" and "denying [KHM] equal opportunities for promotion afforded to non-disabled, and or disabled students." Doc. #1 at 10. The School District argues KHM's ADA claim should be dismissed because "(1) under res judicata, [KHM's] claim was already decided in *Hicks-Mix v. Clarksdale Mun. Sch. Dist. (In re K.H.M)* …; (2) [KHM] failed to present a cognizable legal theory; (3) [KHM] failed to present sufficient facts under a cognizable legal theory; (4) [KHM's] claim does not give [it] fair notice of what the claim is and the grounds upon which it rests; and (5) [KHM] does not raise a claim upon which relief can be granted." Doc. #14 at 5–10.

### 1. Res judicata

The School District contends res judicata bars KHM's ADA claim because in *In re: KHM, by and though Myrtle Hicks-Mix v. Clarkdale Municipal School District* ("*KHM I*"),[4] a prior case where KHM sued the School District for violations of the Individuals with Disabilities Education Improvement Act ("IDEA") and the Mississippi Standards and Procedures for the Education of Exceptional Children, the Court "found [KHM's] IDEA claim was time barred." *Id.* at 5.

"The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Dotson v. Atl.*

---

[3] KHM references Title I and Title II of the ADA. As explained below, the Court analyzes the ADA claim as brought under Title II.

[4] No. 4:22-CV-182, 2024 WL 409401 (N.D. Miss. Feb. 2, 2024).

4

*Specialty Ins. Co.*, 24 F.4th 999, 1002 (5th Cir. 2022) (quoting *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 570 (5th Cir. 2021)). Claim preclusion "forecloses relitigation of claims that were or could have been raised in a prior action." *Ayissi v. Kroger Tex., L.P.*, 849 Fed. App'x 489, 491 (5th Cir. 2021) (quoting *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 312–13 (5th Cir. 2004)). Collateral estoppel "foreclose[es] successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 213 (5th Cir. 2023) (alteration in original) (quoting *Herrera v. Wyoming*, 587 U.S. 329, 342 (2019)).

### a. Claim Preclusion

A claim is barred by claim preclusion when "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004).

In *KHM I*, the Court concluded that because KHM failed to bring his lawsuit against the School District for its "fail[ure] to develop an IEP for him and by failing to promote him"[5] within the proscribed 90-day period, KHM's claims against the School District were barred by the statute of limitations. *In re KHM*, 2024 WL 409401, at *1, *5.

Here, the first two elements of claim preclusion are satisfied: the parties in *KHM I* and the present case are identical and the judgment in *KHM I* was rendered by a court of competent jurisdiction. With respect to the third element, the Court's dismissal of *KHM I* without prejudice means that the case was not concluded by a final judgment on the merits. *See Hammervold v.*

---

[5] "IEP" refers to Individualized Education Programs. Doc. #1 at 2.

*Blank*, 3 F.4th 803, 810 (5th Cir. 2021) ("Because that dismissal was without prejudice, it is without res judicata effect."). Accordingly, the doctrine of claim preclusion does not bar KHM's ADA claim.

### b. Issue Preclusion

"Under Fifth Circuit precedent, issue preclusion applies only when the following elements are met: (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a part of the judgment in that earlier action."[6] *Lartigue v. Northside Indep. Sch. Dist.*, 100 F.4th 510, 519 (5th Cir. 2024). The relitigation of an issue is not barred by issue preclusion "unless the facts *and* the legal standard used to assess them are the same in both proceedings." *Id.* (emphasis in original).

Here, all three elements of issue preclusion are satisfied. The issues in *KHM I* centered on allegations that "the School District's fail[ure] to prepare an IEP [as required by the IDEA] for KHM while KHM was in kindergarten and in the first and second grades … [caused] KHM … to repeat kindergarten, first grade, and second grade." *In re KHM*, 2024 WL 409401, at *3 (citation omitted). The ADA issue in the present case centers on allegations that the School District failed to provide KHM "Individualized Educational Programs … under its mandated Individuals with Disabilities Education Act;" "any programs or accommodations which resulted in [KHM] not being promoted, and having to repeat kindergarten;" "any services to [KHM] to improve or to help Plaintiff educationally;" and "the tools of success which tools having been provided to disable children other than [KHM]," thereby "violat[ing KHM's] protection under the American with

---

[6] "[T]he requirement that an issue be 'actually litigated' for collateral estoppel purposes simply requires that the issue is raised, contested by the parties, submitted for determination by the court, and determined." *Matter of Clem*, 124 F.4th 341, 351 (5th Cir. 2024) (quoting *In re Keaty*, 397 F.3d 264, 272 (5th Cir. 2005)).

Disabilities Act." Doc. #1 at 2, 7–9. But although the issues in *KHM I* and the present case are identical and the issue in *KHM I* was determined in the Court's February 2, 2024 ruling, the Court now must "independently analyze whether the legal standards [under the IDEA and the ADA] are significantly different" to determine if KHM's ADA claim is precluded. *Lartigue*, 100 F.4th at 519–20.

In *KHM I*, "KHM's mother filed a 'request for due process hearing under part B of the Individuals with Disabilities Education Act.'" *In re KHM*, 2024 WL 409401, at *3. One of the purposes of that due process hearing was to determine whether the School District violated IDEA by not providing KHM an IEP while enrolled in kindergarten and the first and second grades. Doc. #1-1 at PageID 15.

The purpose of KHM's ADA claim here is to determine whether the School District "discriminate[d] against [KHM] by failing to offer [him] the same tools and programs offered to similarly situated disabled students." Doc. #1 at 9. The issue of the School District's alleged discrimination against KHM was not part of KHM's due process hearing or his lawsuit against the School District in *KHM I*, irrespective of it being time barred. As such, the Court concludes the legal standards used to assess KHM's IDEA claim and KHM's ADA claim are significantly different. *See Lartigue*, 100 F.4th at 520 ("The purpose of the due process hearing was to determine whether NISD provided an educational program reasonably calculated to enable Lartigue's progress. Lartigue's ADA claim turns on whether NISD discriminated against her on account of her disability. That issue was not considered in the due process hearing. … Because Lartigue's IDEA claim depended on a different legal standard than her ADA claim and was resolved without addressing key factual allegations in her complaint, her IDEA claim is significantly different than her ADA claim.") (citations omitted). More, "school districts comply

7

with the IDEA by providing special education and related services including … IEPs" whereas the ADA imposes a requirement to "give primary consideration to the requests of individuals with disabilities, *an element absent in the IDEA*." *Id.* (emphasis added). Accordingly, the doctrine of issue preclusion does not bar KHM's ADA claim.

### 2. Cognizable legal theory and lack of fair notice

The School District argues KHM's ADA claim warrants dismissal for failure to present a cognizable legal theory because his "argument and legal support for Count 1 are based on an inapplicable law, Title I of the ADA [which is] wholly inapplicable to this case and the facts presented in [his] complaint;" "there is no evidence presented by [KHM] to support relief for K.H.M. under the statutes cited, even when viewed in the light most favorable to [him];" and KHM "failed to make a meaningful argument in Count 1 by presenting and applying relevant facts, or any facts at all." Doc. #14 at 6–7. It also argues that KHM's ADA claim lacks "fair notice of what the claim is and the grounds upon which it rests" because KHM "has failed to state clearly a cause of action underlying the claim in Count 1 because they [sic] do not cite to an applicable statute [and] [a]s a result of [his] disjointed argument, [it] is 'left to guess at [his] potential legal theories,' and 'which allegations correlate to which legal theories.'" *Id.* at 7–8 (emphasis omitted).

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The plaintiff "is not required to plead facts establishing a prima facie case, but his complaint must give the defendant fair notice of the basis for [his] claims." *Melvin v. Barr Roofing Co.*, 806 Fed. App'x 301, 308 (5th Cir. 2020) (alteration in original). "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." *Anderson v. United States Dep't of Hous. and Urb. Dev.*, 554

8

F.3d 525, 528 (5th Cir. 2008). A complaint that pleads facts sufficiently to demonstrate that there exists a plausibility for entitlement to relief but fails to perfectly invoke the proper legal theory, should not be dismissed for failure to state a claim. *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' … they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.") (citation omitted). If the complaint satisfies this standard, it becomes "unnecessary to set out a legal theory for the plaintiff's claim for relief." *Van Winkle v. Rogers*, 82 F.4th 370, 382 (5th Cir. 2023).

Here, the complaint alleges adequate facts giving rise to KHM's ADA claim. Although the complaint cites Title I of the ADA, which applies to employment discrimination claims, the bulk of Count 1 offers clearly stated allegations that infer an ADA claim under Title II.[7] *See, e.g.*, Doc. #1 at 10 ("denying Plaintiff equal access to an education opportunities[sic];" "depriving Plaintiff of equal access to, or an individualized assessment on, all of the essential functions of the education process even though Defendant knew and were told that Plaintiff was indeed disable [sic];" "denying Plaintiff other terms, conditions, privileges of an education afforded to non-disabled students and/or disabled students;" and "denying Plaintiff equal opportunities for promotion afforded to non-disabled, and or disabled students"). The School District offers no authority supporting its argument that KHM's ADA claim should be dismissed for failure to plead a cognizable theory or improper notice. *See generally* Doc. #14 at 5–8. And in reviewing a motion to dismiss, the Court is not required to assess the sufficiency of the complaint strictly based on the statutory provisions cited in KHM's complaint but instead must focus on the facts the complaint alleges. *See Smith v. Bank of America, N.A.*, 615 Fed. App'x 830, 833 (5th Cir. 2015) ("A

---

[7] Page one of the complaint references Title II of the ADA. Doc. #1 at 1.

complaint need not cite a specific statutory provision or articulate a perfect statement of the legal theory supporting the claim asserted. Accordingly, the Bank's 12(b)(6) motion turns on the facts Smith alleged in connection with the TDCA claim, not her citations to the statutory provisions."). More, the allegations in Count 1 adequately put the School District on notice of what conduct is being challenged and what it needs to defend against. *See Anderson*, 554 F.3d at 528–29 ("[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law.") (citation omitted); *cf. id.* ("Here, the complaint does not mention the voucher program or reference the defendants' conduct in administering the voucher program. Rather, the claims pleaded the complaint are based on a totally different course of conduct …. These claims are not sufficient to put HANO and HUD on notice that they must defend the voucher program.").

To the extent the School District characterizes Count 1 of the complaint as a "shotgun pleading," the Court concludes that the complaint sufficiently informs the School District of the factual basis and the conduct being challenged, and as such, KHM need "do no more to stave off threshold dismissal for want of an adequate statement of [his] claim." *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 Fed. App'x 848, 854 (5th Cir. 2018) (citation omitted). KHM's ADA claim will not be dismissed for failure to plead a cognizable theory or for lack of fair notice.

### 3. Failure to state claim

The School District further challenges KHM's ADA claim purely on 12(b)(6) grounds, contending that "even if [KHM] cited the correct statute and applied the facts as they understand them, the complaint still qualifies for and warrants dismissal … because [KHM] does not make a

prima facie case showing that they [sic] are entitled to relief,"[8] primarily because KHM "fails to allege in the Complaint that discrimination is by reason of his disability."[9] Doc. #14 at 8–9.

"A plaintiff states a claim for relief under Title II if he alleges: (1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

The first two elements are met. KHM alleges that he "is an otherwise qualified individual with a disability subject to the protection afforded under 42 U.S.C. Section[] 12111,"[10] and that he was denied "meaningful and appropriated and learning tools to help [him] during the kindergarten school year or subsequent years." Doc. #1 at 3, 4–5. To satisfy the third element, KHM must demonstrate that (1) "there is a causal connection between his disability and the discriminatory action;" and (2) "his disability was the only cause of the discriminatory action." *Shaikh v. Tex. A&M Univ. Coll. of Med.*, 739 Fed. App'x 215, 222 (5th Cir. 2018) (citations omitted). KHM does not do so. Although he alleges the consequences stemming from the School District's alleged discrimination—that he suffered anxiety, depression, loss of self-esteem, and was required to repeat kindergarten and the first and second grades—this is insufficient to demonstrate that his autism, attention deficit hyperactivity disorder, and brain disorder was the sole driving force behind the School District's alleged discrimination. *See Shaikh*, 739 Fed. App'x at 222 ("[T]he disability must have been the only cause of the … conduct that trigger[ed] the discriminatory

---

[8] To the extent the School District argues dismissal is warranted for want of a prima facie showing, as the Court noted above, a plaintiff is not required to plead facts establishing a prima facie case. *Melvin*, 806 Fed. App'x at 308.

[9] The School District argues that by failing to allege that KHM did not receive an IEP plan because he is a disabled individual, he "fail[s] to show a causal link between [his] disabilities and the alleged denial of [his] education." Doc. #14 at 10.

[10] 42 U.S.C. § 12111 is a subsection of the Americans with Disabilities Act that provides definitions related to employment and equal employment opportunity.

11

action.") (alteration and omission in original; emphasis omitted); *cf. id.* ("sole reason" requirement satisfied where plaintiff claims disability ultimately led to denial of readmission to college).[11] Consequently, KHM's ADA claim will be dismissed.[12]

### B. Negligence and Gross Negligence Claims

KHM alleges the School District "owed a duty to [him] to provide [him] access to public education sufficient to confer some education benefit upon [him as a] handicapped child" and "negligently breached that duty by not providing [him] with any programs aids to assist [him] in his educational journey;" its "conduct constitute[s] a want of even scant care and an extreme departure from the ordinary standard of conduct to the situation for [it] knew or should have known that [he] was disable[d] for [his] parent continually informed [it] that her son was disabled and in need of assistance," and "given [the School District's] gross negligence, and indifference to [his] educational needs …, [he] should recover, in addition to actual damages[,] exemplary and punitive damages." Doc. #1 at 10–12. The School District argues KHM's negligence claim should be dismissed because he "failed to present, address, and analyze the elements of negligence" and "did not present relevant facts, did not apply them to the proper elements of their claim, and did not make a persuasive showing of their entitlement to relief." Doc. #14 at 11.

### 1. Negligence

"To prevail on a negligence claim under Mississippi law, a plaintiff must establish (1) duty,

---

[11] The School District argues that to the extent KHM was required to repeat kindergarten and the first and second grades, it was not by reason of discrimination but due to excessive absences. Doc. #14 at 9.

[12] To the extent the complaint alleges the School District "violated [KHM's] protection under … 42 U.S.C., Section 1983, and other acts and statutes prohibiting discrimination against students with disabilities," Doc. #1 at 9, the School District argues KHM "fails to meet any of the three key elements required to properly plead and establish a prima facie case of a Section 1983 violation." Doc. #14 at 13. For KHM to state a claim against the School District under § 1983, he must allege "a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 694 (1978)). KHM fails to identify any policy or custom that was a moving force behind a constitutional violation and fails to allege any facts that would support the School District as a policy maker.

(2) breach of that duty, (3) causation, and (4) injury." *Lascola v. Barden Miss. Gaming LLC*, 349 Fed. App'x 878, 884 (5th Cir. 2009) (citing *Patterson v. Liberty Assocs., L.P.*, 910 So.2d 1014, 1019 (Miss. 2004)). The plaintiff bears the burden of proof on each of these issues. *Funches v. Progressive Tractor and Implement Co., L.L.C.*, 905 F.3d 846, 851 (5th Cir. 2018).

KHM alleges that the School District "owed a duty to [him] to provide [him] access to public education 'sufficient to confer some educational benefit upon the handicapped child,'" and that this duty was breached "by not providing [him] with any programs to assist [him] in his educational journey even though [the School District] was well aware of [his] educational failures." Doc. #1 at 10–11.

Regarding causation, "[t]he plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough." *Herrington v. Leaf River Forest Prods., Inc.*, 733 So. 2d 774, 777 (Miss. 1999) (quoting *Burnham v. Tabb*, 508 So. 2d 1072, 1074 (Miss. 1987)). Though KHM alleges the School District's "conduct has adversely affected [his] present and future opportunities, and status because [it] has deprived [him] of equal access to education, and skill development, future compensation, advancement opportunities, and benefits based on erroneous assumption and faulty considerations of alleged absences affecting [his] disabilities," Doc.#1 at 10, such is nothing more than a conclusory statement that the School District's alleged discrimination led to his educational failures. *See Funches*, 905 F.3d at 852 ("Funches failed to put forth any evidence before the district court—direct or circumstantial—that corroborated his conclusory assertion that the pickup truck's lack of control over the farm disc led to his accident."). Because conclusory allegations are insufficient to state a claim, KHM's negligence claim will be dismissed.

13

### 2. Gross negligence

Since the Court will dismiss KHM's negligence claim, his gross negligence also cannot survive. *See Crowder v. Am. Eagle Airlines, Inc.*, 118 Fed. App'x 833, 840 n.29 (5th Cir. 2004) ("While there is a difference between negligence and gross negligence, it is only a difference of degree and not kind …. Therefore, [a] finding … that there was no negligence necessarily precludes any finding of gross negligence.") (citations omitted).

## V
## Conclusion

The School District's motion to dismiss [13] is **GRANTED**. The School District's motion to exclude [30] is **DENIED as moot**. This case is **DISMISSED without prejudice**.

**SO ORDERED**, this 28th day of March, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**